UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LAZARO BURGOS REYES, ) | CASE NO. 1:08 CV 0565 |
| ) | |
| Petitioner, ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| v. ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| ROCKY RIVER MUNICIPAL COURT, ) | |
| ) | |
| Respondent. ) | |

*Pro se* petitioner Lazaro Burgos Reyes filed a petition in the United States District Court for the Western District of New York pursuant to 28 U.S.C. § 2254 on January 15, 2008. *Reyes v. Rocky River*, No. 08-cv-0033A (W.D. NY 2008). At the time, he was confined in the Niagara County Jail awaiting sentencing following the entry of a guilty plea to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. *See, United States v. Burgos-Reyes*, No. 03-CR-0033A (W.D. NY 2003). The petition was filed to remove a detainer lodged against him by the Rocky River Municipal Court in Ohio. District Court Judge Skretny determined that Mr. Reyes was challenging the legality of the charges underlying the detainer and construed the petition as being filed pursuant 28 U.S.C. § 2241. Located in the State holding petitioner in immediate confinement, Judge Skretny transferred the petition from New York to the Northern District of Ohio,

as the "demanding State." *See, Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973)("petitioner held in one State [may] attack a detainer lodged against him by another State. In such a case, the State holding the prisoner in immediate confinement acts as agent for the demanding State . . ."). The case was docketed in this court on March 5, 2008, and is now ripe for review.

*Background*

In 2006, a divorce action was filed against petitioner by his former wife in the Court of Common Pleas, Cuyahoga County, Ohio.[1] The State of Ohio subsequently charged petitioner with Menacing by Stalking in violation of Ohio Revised Code § 2903.21. *See Ohio v. Lazaro Burgos*, No. 07 CRB 2461(Rocky Riv. Mun. Ct, 2007). At some point thereafter, the former Mrs. Burgos,[2] filed a Motion for Criminal Protection Order in the Rocky River Municipal Court. The court found the motion well taken and issued a Criminal Protection Order (CRPO) *ex parte* on November 7, 2007.[3] Petitioner filed a Motion for Reconsideration of the Judge's order on November 28, 2007. He argued that the restraining order did not apply to him because "my incarceration does not make me a resident anywhere else. *See* (*Mitchell v. Brown & Williamson*[,] 249 F.3d 1309) Wherefore I

---

[1] Although Mr. Reyes alleges the action was filed "August 8, 2005," the docket indicates the case was filed on August 4, 2006. *Burgos v. Burgos*, No. DR-06-311855 (Cuy.Cty. Ct.Comm. Pls. Aug. 4, 2006), *available at* http://cpdocket.cp.cuyahogacounty.us/p_CV_Docket.aspx.

[2] The petitioner's former spouse filed that action as "Eliana Burgos." Petitioner is identified as Lazaro Burgos, Jr.

[3] Petitioner's listed address at the time was Niagara County Jail, Lockport, New York.

2

state this Order does not apply to me."[4] *Id*. (Mot. Recon. of 11/28/07.) There is no indication that the court ruled on the motion.

A copy of the Protection Order was sent as a detainer to Mr. Reyes's present place of confinement at the Niagara County Jail in New York. He argues that the detainer is invalid because the criminal charges filed against him are retaliatory. Petitioner claims that two Rocky River police officers were called as witnesses "in their own personnal [sic] capacities and private lives"in the divorce action filed against him by his former wife. In his defense, Mr. Reyes states he responded to their testimony and "persued [sic] to have a.k.a. Mrs. Burgos, a.k.a. Maria I Diaz, a.k.a. Illegal Alien, Fraud—impeached and prosecuted by the Federal Authorities as I was Fraudulantly [sic] Shammed . . . for marriage for U.S. Citizenship she aquired [sic] then moved for Divorce." (Pet. at 1.) He complains that it was only after he reported her "illegal status" that he "was . . . avered [sic] Criminal." (Pet. at 2.) It is his belief that the Rocky River Police inappropriately involved themselves "in a Civil Action with my Illegal wife in their private lives and after I asserted lawful defenses, I have been charged with Criminal Action by State Officers, acting under color of law in Retaliation with and for my wife for exercising my Constitutional Right to Defend Myself." (Pet. at 2.) He is seeking an order from this court dismissing the detainer filed against him.

---

[4] This is a case citation to *Robotic Vision Systems, Inc. v. View Engineering, Inc*., 249 F.3d 1307 (Fed. Cir. 2001), a case involving a patentee who sued for infringement of a patent for a method of using three-dimensional sensors in order to scan and inspect leads of integrated circuit devices arranged in rows and columns on a multi-pocketed tray.

*Federal Habeas*

When a federal prisoner challenges a state detainer, that has been filed with a federal prison warden against a federal prisoner, the action may be brought under 28 U.S.C. § 2241 and not under 28 U.S.C. § 2254 or 2255. *Grant v. Hogan*, 505 F.2d 1220 (3d Cir. 1974); *see Browning v. Foltz*, 837 F.2d 276 (6th Cir. 1988) (violation of IAD does not give rise to habeas corpus relief under 28 U.S.C.A. § 2254). However, because petitioner does not challenge any aspect of his present confinement or any effect that the allegedly invalid detainer has on the conditions of his federal incarceration, jurisdiction under 28 U.S.C. § 2241 is not properly invoked. Since Mr. Reyes challenges the merits of the underlying charges for which the detainer was issued, the appropriate jurisdictional basis is 28 U.S.C. § 2254. *Braden*, 410 U.S. at 489 n.4.

Federal courts have consistently required the exhaustion of state court remedies as a prerequisite to the issuance of a writ of habeas corpus under § 2254. *See Irvin v. Dowd*, 359 U.S. 394, 406 (1959); *Click v. Ohio*, 319 F.2d 855 (6th Cir.1963); *Atkins v. Michigan*, 644 F.2d 543 (6th Cir.1981), *cert. denied*, 452 U.S. 964 (1981). The state's highest court must have an opportunity to review the claims, *Castillo v. Peoples*, 489 U.S. 346, 350 (1989), and the State of Ohio provides an available remedy.[5] There is no indication that petitioner has exhausted his state court remedies. The petition is thus premature.

---

[5] A prisoner must apply to a state court for relief from a state detainer. *See Robinson v. People of the State of Illinois*, 752 F.Supp. 248 (N.D.Ill.1990). A federal court has no superintending function or control over a state court. Federal courts have no general power to compel action by state officers, including state judicial officers. *Davis v. Lansing*, 851 F.2d 72, 74 (2nd Cir.1988); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n. 5 (10th Cir.1986); *More v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275,1276 (5th Cir.1973) (per curiam); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir.1970).

Based on the foregoing, this petition is dismissed pursuant to 28 U.S.C. § 2243.[6] The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

June 6, 2008

---

[6] The statute provides, in relevant part, that:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

*Id.*